UNITED STATES DISTRICT COURT
For the
EASTERN DISTRICT
OF NORTH CAROLINA

FILED
JUN 16 2023
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

MARLON MACK,
Plaintiff,

v.

FOOD LION, LLC,
Defendant.

Case No: 5:23-CV-00327-M

42 U.S.C. Ss 1981

Now comes MARLON MACK, Plaintiff in his own proper persona sui juris and moves this honorable court as follows: 42 U.S.C. Ss1981 Plaintiff brings his court for racial profiling and discrimination in a public place.

### JURISDICTION.

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 & 28 U.S.C.1334

### VENUE

2. This court has venue over this case pursuant to 28 U.S.C. Ss 1391

### PLAINTIFF

Plaintiff can receive mail at the following :
251 A F Moore Rd
Spring Hope, NC, 27882

### DEFENDANT

Defendants can receive mail at the following :
Food Lion, LLC
Legal Department
Attn: General Counsel
2110 Executive Drive
Salisbury, NC 28147

C/o CT Corporation System (Registered Agent)
150 Fayetteville Street
Raleigh, NC 27601

**STATEMENT OF FACTS:**

3. On 5/06/2023, Plaintiff, Marlon Mack woke up with a positive outlook and a full schedule. His day started bright, full of promise, and his heart full of optimism. He was in a happy frame of mind after picking up his lawn mower key from "The Do It Center", ready to tackle the chores that awaited him.

4. It was on this day that Plaintiff decided to pay a visit to Food Lion, a local grocery store, intending to make purchases for his family using his EBT card, to which he is an authorized user.

5. As Plaintiff attempted to complete his purchase, he was abruptly and unjustly asked for identification by a store employee. This occurred despite clear guidelines set forth by the state of North Carolina and federal regulations prohibiting such requests.

6. The unwarranted scrutiny didn't stop there. The store manager joined in, questioning the ownership of the EBT card. Despite Plaintiff providing the correct PIN and affirming his status as an authorized user, he was treated as a suspect in fraudulent activity and was racially profiled.

7. This incident escalated when Plaintiff was denied his request for an incident report and was told to "take his stuff and get out." He was unjustly instructed not to return to the store with someone else's card, casting further unwarranted aspersions on his character.

8. The unfounded accusations and racial profiling mixed with the mistreatment at Food Lion triggered an anxiety attack in Mr. Mack, who was without his inhaler at the time. He was forced to retreat to his car, where he suffered alone, battling for breath, and enduring a severe asthma attack.

9. This incident, which started with a man simply wanting to provide for his family, ended with that same man fighting for air in his car, his joy replaced with humiliation and distress.

10. Plaintiff's weekend, which started with enthusiasm and a sense of fulfillment, was tarnished. The distress caused by this incident dominated the rest of his weekend, leaving him anxious and unable to engage in his usual activities.

11. This statement seeks to capture the emotional journey of the Plaintiff's experience, highlighting the contrast between his initial mood and the impact of the incident at Food Lion.

12. In the days following the incident, Plaintiff grappled with feelings of injustice and humiliation. His usually bright demeanor was overshadowed by the unnecessary stress and embarrassment caused by the encounter at Food Lion. He felt a sense of dread, a sense of otherness, and a loss of dignity each time he thought about the prospect of shopping for his family, an essential and usually mundane task.

13. The unwarranted scrutiny and the subsequent refusal to provide an incident report at Food Lion struck a severe blow to Plaintiff's trust in the grocery store. The incident left him with a lingering fear of being subjected to similar treatment at other stores, impacting his overall ability to carry out his responsibilities as a caretaker and payee for his family's SNAP benefits.

14. The emotional distress and anxiety caused by the incident further impacted plaintiffs physical health. He experienced difficulty sleeping and constant worry, resulting in an overall decline in his well-being. The incident did not just tarnish his weekend, but it extended its shadow over his daily life, creating a substantial disruption to his normal routines and peace of mind.

15. While Plaintiff initially intended to simply go about his day and provide for his family, the unwarranted treatment he received at Food Lion was a stark and harsh reminder of the racial profiling and discrimination that continues to persist in society. His experience at Food Lion that day served as a distressing reminder that racial bias and prejudice are still very much a part of daily life, even in the most routine of tasks such as grocery shopping.

16. This lawsuit aims to not only address the personal harm suffered by Plaintiff but also shed light on the larger issue of systemic racial discrimination and unfair treatment towards SNAP recipients who are caretakers for other recipients.

17. The traumatic experience at Food Lion, compounded by the fear of recurrence, has left Plaintiff mentally scarred. His weekends, once filled with joy and relaxation, have become a time of reflection and anxiety, his peace disrupted by the haunting memory of the unfortunate incident. This drastic change in Plaintiff's daily life is a testament to the profound psychological impact such discriminatory incidents can have on a person.

18. Plaintiff, as a responsible caretaker and payee for his family's SNAP benefits, has always upheld the dignity and integrity required of his role. His adherence to the program's rules and respect for the stipulations of his role has been consistent and unwavering. The violation of the plaintiff's due process rights which the United States

Constitutional affords pursuant to the 14th Amendment provides that no state shall deprive a citizen of life, liberty, or property without due process of the law. Food Lion acted as agents of the government. Because Plaintiff was accused of misusing someone else's EBT card at Food Lion and was, thus, not just an insult, but an attack on his integrity and his job as a payee and a care provider.

19. The incident at Food Lion was not an isolated event. Instead, it has become a part of an unfortunate pattern and practice and repeated episodes of discriminatory behavior towards Plaintiff at various Food Lion locations. This consistent pattern of discrimination has created a hostile environment for Plaintiff, making an otherwise routine task of grocery shopping a distressing and degrading experience as a caretaker.

**Key Cases**

20. "Heart of Atlanta Motel Inc. v. United States, 379 U.S. 241 (1964): This case held that the Commerce Clause gave Congress the power to enforce desegregation in private businesses like motels and that the Civil Rights Act of 1964 was constitutional. It was a landmark decision that solidified the legality of the Civil Rights Act, and while it pertains to the accommodation rather than retail stores, it supports the broader point about racial discrimination being prohibited in businesses open to the public.

21. Katzenbach v. McClung, 379 U.S. 294 (1964): This case is directly related to the retail food industry. The court held that racial discrimination by restaurants affected interstate commerce and thus was subject to Congressional power. This was another significant application of the Civil Rights Act of 1964.

22. Nixon v. Condon, 286 U.S. 73 (1932): This case held that when private entities carry out governmental functions, they may be subject to the Equal Protection Clause. The principle, while not dealing with retail or food services, Food Lion, by administering the EBT program, is acting as a governmental agency and thus subject to civil rights laws.

23. Roberts v. United States Jaycees, 468 U.S. 609 (1984): This case is about freedom of association, but the court also recognized that anti-discrimination laws serve a compelling state interest. While this case might not relate directly to a grocery store setting, it does emphasize the importance of anti-discrimination laws."

## CAUSES OF ACTION

## COUNT I - VIOLATION OF 42 U.S.C. § 1981

24. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

25. Defendant's discriminatory conduct constitutes a violation of Plaintiff's rights under 42 U.S.C. § 1981.

## COUNT II - VIOLATION OF 42 U.S.C. § 1983

26. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

27. Defendant's discriminatory conduct constitutes a violation of Plaintiff's rights under 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court:

A. Declare that the Defendant's actions violate North Carolina's EBT guidelines, federal regulations related to SNAP, and Plaintiff's rights under 42 U.S.C. §§ 1981 and 1983;

B. Issue an injunction requiring the Defendant to cease its discriminatory practices against SNAP recipients;

C. Award actual damages in an amount not less than $3,000,000 to compensate Plaintiff for emotional stress, embarrassment, humiliation, and deprivation of rights caused by Defendants' action;

D. Award actual punitive damages to the Plaintiff not less than $10,000,000 to deter the Defendants and others from engaging in similar conduct;

E. Award the Plaintiff reasonable attorney's fees and costs; and

F. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 16th day of June 2023.

Respectfully submitted,
Marlon Mack
251 A F Moore Rd
Spring Hope, North Carolina
(336) 615-0587
sumoworx@gmail.com