IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-327-M

| | |
|---|---|
| MARLON MACK,<br><br>    Plaintiff,<br><br>v.<br><br>FOOD LION, LLC,<br><br>    Defendant. | **ORDER AND<br>MEMORANDUM AND<br>RECOMMENDATION** |

This matter is before the court on Plaintiff Marlon Mack's motion to strike affirmative defenses, [DE-15], and motion for summary judgment filed pursuant to Fed. R. Civ. P. 56, [DE-21]. No responses were filed and the time to do so has expired. The motion to strike is referred to the undersigned magistrate judge for disposition pursuant to 28 U.S.C. § 636(b(1)(A) and the motion for summary judgment is referred for a memorandum and recommendation to the district court pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the motion to strike is denied, and it is recommended that the motion for summary judgment be denied.

I. **Statement of the Case**

Plaintiff Marlon Mack filed a complaint against Defendant Food Lion, LLC for race discrimination in violation of 42 U.S.C. §§ 1981 and 1983, alleging that he was discriminated against when he attempted to use his EBT card at a Food Lion grocery store. Mack seeks declaratory and injunctive relief and compensatory and punitive damages in excess of $13,000,000.00. Compl. [DE-1] at 1–5. Food Lion filed an answer, [DE-8], and Mack moved for default judgment, [DE-9], which was denied initially and on reconsideration, [DE-11, -22]. The

parties served discovery requests, which resulted in Mack filing two discovery related motions and a motion for an extension of case deadlines, [DE-14, -17, -18], which will be addressed in a separate order.

## II. Motion to Strike

### A. Standard of Review

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citation omitted). "Therefore, '[m]otions to strike are rather strictly considered and have often been denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party.'" *Culver v. JBC Legal Group, P.C.*, No. 5:04-cv-389-FL, 2005 WL 5621875, at *3 (E.D.N.C. June 28, 2005) (quoting *Tivoli Reality Inc. v. Paramount Pictures, Inc.*, 80 F. Supp. 800, 803 (D. Del. 1948)).

### B. Discussion

Food Lion's answer contains the following "Affirmative Defenses":

> The Defendant Food Lion, LLC respectfully moves the Court for an Order dismissing Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.
>
> The Defendant Food Lion, LLC reserves the right to amend this Answer to assert further affirmative defenses should facts come to light during discovery that warrant such amendment.

[DE-8] at 3–4. Mack contends these are not proper affirmative defenses and should be stricken pursuant to Fed. R. Civ. P. 12(f). Pl.'s Mot. [DE-15] at 1–3.

2

The "failure to state a claim" is not an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). Rather, is it a defense that may be asserted by motion before pleading. *See* Fed. R. Civ. P. 12(b). As one court explained,

> "An affirmative defense is the 'defendant's assertion raising *new facts* and *arguments* that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.'" *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 271 (4th Cir. 2003) (emphasis added and citations omitted). By this definition, failure to state a claim is not an affirmative defense. *See* Fed. R. Civ. P. 8(c); *see also Cheney v. Vitro Am., Inc.*, No. 7:10–cv–00246, 2010 WL 5125281, at *1 (W.D. Va. Dec. 9, 2010) (noting that failure to state a claim is not an affirmative defense enumerated under Rule 8(c)).

*Atanassova v. Gen. Motors LLC*, No. 2:20-CV-01728-RMG, 2021 WL 1946504, at *2 (D. S.C. Mar. 3, 2021). Nevertheless, the court finds no cause to strike this defense where Mack has demonstrated no prejudice and the court will not rule on the defense unless it is asserted by separate motion. *See Keith Bunch Assocs., LLC v. La-Z-Boy Inc.*, No. 1:14-CV-850, 2015 WL 4158760, at *3 (M.D.N.C. July 9, 2015) (declining to strike "failure to state a claim" as an "affirmative defense" because it was simply mislabeled and did not prejudice plaintiff) (citing *Villa v. Ally Fin., Inc.*, No. 1:13-CV-953, 2014 WL 800450, at *3 (M.D.N.C. Feb. 28, 2014) (explaining that the defendant's failure to include any detail supporting its failure-to-state-a-claim defense caused plaintiff no prejudice because the court would take no action on this defense until the defendant made a motion)). Likewise, Food Lion's assertion of a reservation of right to amend its answer to assert further affirmative defenses if warranted after discovery is not an affirmative defense. Yet this too does not prejudice Mack, where Food Lion would need to have the consent of Mack or seek leave of court to amend its answer at this point. *See* Fed. R. Civ. P. 15(a). Accordingly, the motion to strike is denied.

3

### III. Motion for Summary Judgment

#### A. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met its burden, the nonmoving party then must affirmatively demonstrate, with specific evidence, that there exists a genuine issue of material fact requiring trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* at 255 (citation omitted); *see also United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion."). Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus,

4

judgment as a matter of law is warranted where "a reasonable jury could reach only one conclusion based on the evidence," or when "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." *Myrick v. Prime Ins. Syndicate, Inc.*, 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created" and summary judgment should be denied. *Id.* at 489–90.

Here, Plaintiff is proceeding *pro se*. Pleadings drafted by *pro se* litigants are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that writings by *pro se* complainants are held to "less stringent standards than formal pleadings drafted by lawyers"). The court is charged with liberally construing pleadings filed by *pro se* litigants to allow for the development of a potentially meritorious claim. *See id.*; *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## B. Discussion

Mack's summary judgment motion is both premature and not in compliance with the court's Local Civ. R. 56.1. First, discovery is ongoing. The parties have served discovery, which has resulted in disputes pending before the court, as well as a motion to extend case deadlines filed by Mack. It would be premature to adjudicate a summary judgment motion when discovery has not concluded. Second, Mack's summary judgment motion is not supported by a separate statement of material facts and appendix as required by Local Civ. R. 56.1(a). *See e.g., Barclay v. USAA Gen. Indem. Co.*, No. 7:20-CV-249-M, 2023 WL 2773540, at *5 (E.D.N.C. Feb. 23, 2023) (noting *pro se* plaintiff's non-compliance with Local Rule 56.1) (citations omitted), *Mem. & Rec.*

*adopted*, 2023 WL 2733398 (E.D.N.C. Mar. 31, 2023). Accordingly, it is recommended that the motion for summary judgment be denied.[1]

## IV. Conclusion

For the reasons stated herein, the motion to strike is denied, and it is recommended that the motion for summary judgment be denied.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the parties. You shall have until **Friday, August 30, 2024**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation (M&R) by the foregoing deadline, you will be giving up the right to review of the M&R by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the M&R without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the M&R.** *See Wright v. Collins***, 766 F.2d 841, 846–47 (4th Cir. 1985).**

---

[1] Mack's summary judgment motion also seeks sanctions related to video evidence he claims Food Lion spoliated. This discovery issue will be addressed in the order on Mack's motion for discovery sanctions, [DE-14].

Submitted, this the 16th day of August, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge