IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:23-CV-00327-M-RJ

| | |
|---|---|
| MARLON MACK, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FOOD LION, LLC, )<br>)<br>)<br>Defendant. )<br>_____ ) | ORDER |

This matter comes before the court on the Plaintiff's Motion for Summary Judgment [DE 21]. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. issued a memorandum and recommendation ("M&R"), recommending that the court deny the motion. DE 23. Judge Jones instructed the parties to file any written objections to his recommendation on or before August 30, 2024. *Id.* at 6. On that date, Plaintiff filed a timely objection. DE 26.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff contends that Judge Jones elevated form over substance in recommending that this court deny his Rule 56 motion as premature and non-compliant with the applicable court rules. He contends generally that the recommendation "effectively denies [him] the opportunity for a fair resolution based on the actual facts and evidence presented." The court disagrees; Judge Jones is correct that discovery is still proceeding in this case and that issues raised pursuant to Rule 56 are typically considered after the exchange of all relevant information. In such instance, the court may, and should, consider the evidence presented from *both* sides to determine whether any genuine issues of material fact exist. Moreover, Plaintiff's motion does not comply with applicable rules, as described by Judge Jones. Accordingly, the court adopts the recommendation and will deny the Plaintiff's motion without prejudice to his ability to file a renewed motion pursuant to Rule 56, which complies with all applicable court rules, at the close of discovery.

In addition, Plaintiff objects to Judge Jones' order denying his motion to strike. Pursuant to 28 U.S.C. § 636(b)(1)(A), a district court may reconsider such an order on a showing that it is clearly erroneous or contrary to law. Plaintiff contends that Judge Jones erred in denying his motion to strike Defendant's affirmative defenses, particularly the defense of unclean hands. However, while he challenged certain specific affirmative defenses in the motion to strike, Plaintiff did not mention the unclean hands defense, even under the heading "Lack of Specificity," which he promotes now. Plaintiff cannot subsequently cry "foul!" when, in his motion, he argued only generally that "[m]any of the Defendant's affirmative defenses are presented in vague terms without specific factual allegations to support them." DE 15 at 2. The court finds Plaintiff fails to demonstrate that Judge Jones' order contains clear error or is contrary to applicable law.

Upon de novo review of the M&R and the record presented, and finding no error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein,

Plaintiff's Motion for Summary Judgment [DE 21] is DENIED WITHOUT PREJUDICE as described herein. Moreover, Plaintiff objection to Judge Jones' order denying the motion to strike is OVERRULED.

SO ORDERED this __23d__ day of September, 2024.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE