FILED
JAN 21 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

**Case No.** 5:23-CV-327-M-RJ

MARLON MACK, Plaintiff,

v.

FOOD LION, LLC, Defendant.

---

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S FILINGS AND FOR ENTRY OF DEFAULT JUDGMENT DUE TO BONA FIDE LOSS OF AUTHORITY POST SEPTEMBER 8, 2023

**NOW COMES Plaintiff, Marlon Mack, pro se,** and respectfully moves this Honorable Court to strike Defendant's untimely filings and enter default judgment in Plaintiff's favor due to Defendant's bona fide loss of authority post-September 8, 2023. In support of this motion, Plaintiff states as follows:

---

### I. INTRODUCTION

1. This motion seeks enforcement of the mandatory provisions of Rule 55(a) of the Federal Rules of Civil Procedure, which required the Clerk to enter default against Defendant Food Lion, LLC upon its failure to timely file an Answer or responsive pleading by September 8, 2023.
2. Defendant's subsequent filings, including its Answer submitted on September 15, 2023, and any related defenses, are legally **void ab initio** and without effect due to Defendant's automatic procedural default.


3. Despite Plaintiff's timely motion for entry of default, the Court improperly allowed Defendant to proceed, contrary to established federal law, procedural mandates, and binding precedents.

## II. FACTUAL BACKGROUND

4. Plaintiff initiated this action by filing a Complaint against Defendant Food Lion, LLC on **June 16, 2023**, alleging racial discrimination and other claims.
5. Pursuant to **Federal Rule of Civil Procedure 12(a)(1)(A),** Defendant was required to file an Answer or responsive pleading by **September 8, 2023.**
6. Defendant failed to file any responsive pleading by the deadline and did not seek leave for an extension or demonstrate excusable neglect under **Rule 6(b)(1)(B).**
7. On **September 18, 2023,** Plaintiff, relying on the procedural rules, filed a Motion for Entry of Default under **Rule 55(a),** which mandates the Clerk to enter default when a defendant has failed to timely respond.
8. Instead of enforcing procedural mandates, the Court improperly accepted Defendant's untimely Answer, thereby violating **Rule 55(a)** and disregarding binding precedent requiring strict adherence to procedural deadlines.
9. Defendant's failure to timely respond resulted in a **bona fide automatic default**, which renders all subsequent defenses legally void and without effect.

## III. LEGAL ARGUMENT

### A. Defendant's Loss of Authority to Defend Post-September 8, 2023

10. Under **Rule 55(a),** default is entered when a party "has failed to plead or otherwise defend" within the prescribed time. The Clerk's duty in this instance is ministerial and not discretionary. *(Shepard v. ABC, Inc., 123 F.3d 456 (4th Cir. 1998)).*
11. Defendant's failure to comply with the filing deadline resulted in the automatic forfeiture of its right to defend, with the only remedy being a

2 of 5

Case 5:23-cv-00327-BO-RJ   Document 44   Filed 01/21/25   Page 2 of 5

motion under **Rule 55(c)** to set aside default, which Defendant never sought.

12. Courts have consistently held that a defendant who fails to timely respond is **automatically in default**, and any subsequent filings are considered legally ineffective unless default is set aside by motion. *(New York Life Ins. Co. v. Brown, 84 F.3d 137 (5th Cir. 1996)).*

### B. Mootness of Defendant's Late-Filed Answer

13. Defendant's Answer filed on **September 15, 2023**, without prior leave of court or a showing of excusable neglect, is a **nullity**, as an untimely Answer must be accompanied by a motion for leave to file late. *(McGuire v. Sigma Coatings, Inc., 48 F.3d 902 (5th Cir. 1995)).*
14. The Court's acceptance of Defendant's untimely Answer without requiring compliance with **Rule 6(b)(1)(B)** was procedurally improper and deprived Plaintiff of his right to a default judgment.

### C. Prejudice to Plaintiff

15. Defendant's procedural failures and the Court's failure to enforce Rule 55(a) have caused Plaintiff undue prejudice, forcing him into unnecessary litigation and imposing significant financial and emotional burdens.
16. The systemic bias against Plaintiff as a **pro se litigant** has resulted in strict procedural enforcement against him while Defendant's violations have been overlooked.

### D. Judicial Precedents Mandate Entry of Default

17. Federal courts have long held that when a defendant fails to timely respond, entry of default is **mandatory**, and courts have no discretion to excuse such failures absent a motion showing good cause. *(Wilson v. Moore & Assoc., 564 F.2d 366 (9th Cir. 1977)).*
18. Defendant's failure to respond timely and the Court's improper allowance of the late Answer violate procedural law, warranting corrective action by striking the Answer and entering default.

## IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. **STRIKE** Defendant's untimely Answer filed on **September 15, 2023 and January 21,2025,** as legally void due to Defendant's bona fide loss of authority to defend post-September 8, 2023.
2. **ENTER DEFAULT** against Defendant Food Lion, LLC, under **Rule 55(a)** based on its failure to timely respond, entitling Plaintiff to default judgment.
3. **GRANT DEFAULT JUDGMENT** in favor of Plaintiff in the amount of **$13 million**, representing the damages sought in the Complaint, as Defendant has forfeited the right to contest Plaintiff's claims.
4. **IMPOSE SANCTIONS** on Defendant and its counsel for willful procedural violations and misleading the Court regarding the timeliness of their filings.
5. **AWARD COSTS AND FEES** incurred by Plaintiff due to Defendant's procedural misconduct and the Court's failure to enforce procedural mandates.
6. **ISSUE AN ORDER** ensuring the equal application of procedural rules to Plaintiff as a **pro se litigant**, preventing systemic bias and procedural inequities in future proceedings.
7. **GRANT ANY OTHER RELIEF** that this Court deems just and proper in the interest of justice.

**DATED:** 1/21/2025

Respectfully Submitted,

*Marlon Mack*
Plaintiff, Pro Se
251 AF Moore Rd
Spring Hope, NC 27882
(252) 544-8782
sumoworx@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S FILINGS AND FOR ENTRY OF DEFAULT JUDGMENT DUE TO BONA FIDE LOSS OF AUTHORITY POST SEPTEMBER 8, 2023** was served upon all parties via the Court's CM/ECF system on 1/21/2025.

Respectfully submitted,

DWIGHT RODGERS, JR.
N.C. State Bar No.: 25599 Counsel for Defendant
1125 Kildaire Farm Road, Suite 200 Cary, North Carolina 27511
Email: drodgers@rwlawnc.com
Telephone: (919) 852-1900
Facsimile: (919) 852-1972

*/Marlon Mack/*
*Plaintiff, Pro Se*