IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-CV-00327-M

MARLON MACK,

    Plaintiff,

v.

FOOD LION, LLC,

    Defendant.

ORDER

This matter comes before the court on Plaintiff's "Counterclaim for defamation and dilatory tactics" [DE 27], Defendant's motion to strike and dismiss [DE 29], and an Order and Memorandum and Recommendation ("M&R") issued by the Honorable Robert B. Jones, Jr., United States Magistrate Judge. [DE 38]. Therein, Judge Jones denied two non-dispositive motions filed by Plaintiff and recommended that this court construe Plaintiff's "counterclaim" as a motion to amend his initial complaint, deny such motion, and deny Defendant's motion to strike and dismiss as moot. DE 38 at 16. Plaintiff filed a timely objection. DE 39. For the following reasons, the court affirms the order and adopts the M&R as its own.

I. **Factual and Procedural History**

On June 16, 2023, Plaintiff filed a complaint against Defendant Food Lion, LLC ("Defendant" or "Food Lion"). DE 1 at 1. Plaintiff alleges that Defendant violated 42 U.S.C. § 1981 and 42 U.S.C. § 1983 when store employees allegedly asked him for identification, questioned him, "racially profiled" him, and told him to leave after he attempted to use his EBT card at a local Food Lion store. *Id.* at 2. Defendant failed to file a timely response to the complaint; thus, the Clerk of Court entered a notice directing Plaintiff to proceed in accordance with Rule

55(a) of the Federal Rules of Civil Procedure to obtain an entry of default. DE 6 at 1. One week after it was due, Defendant filed an Answer on September 15, 2023. DE 8. Three days later, Plaintiff filed a motion for entry of default against Defendant pursuant to Rule 55(a). DE 9. The court denied Plaintiff's motion citing the strong preference in the Fourth Circuit to hear disputes on their merits and accepted Defendant's answer as filed. DE 11 at 2.

On August 30, 2024, Plaintiff filed a "Counterclaim for Defamation and Dilatory Tactics" ("the purported counterclaim"). DE 27. In the purported counterclaim, Plaintiff seeks to modify the case caption to add Defendant's counsel Dwight G. Rogers as a second defendant, and alleges that "[t]he Defendants, through counsel . . . [publicly] made [defamatory] statements in court documents" which were "intended to harm [Plaintiff's] reputation in the Court, before the public, and among potential future employers." *Id.* at 2. In addition to claims for defamation, Plaintiff also brought a claim for intentional infliction of emotional distress ("IIED"). *Id.* at 3. Defendant responded with the present motion to strike and dismiss the purported counterclaim on the grounds that Plaintiff has improperly amended the pleadings and improperly joined Defendant's counsel as a second defendant. DE 29 at 2.

Thereafter, Plaintiff filed a "Plea in abatement and motion for relief from procedural violations" [DE 33] and a motion for sanctions [DE 34]. On January 9, 2025, Magistrate Judge Jones issued an order and M&R, which denied Plaintiff's plea and abatement and motion for procedural violations, as well as his motion for sanctions, and recommended that the court construe Plaintiff's purported counterclaim as a motion to amend his complaint and deny such motion. DE 38 at 16. The M&R also recommends that the court deny Defendant's motion to strike and dismiss [DE 29] as moot. *Id.*

2

Plaintiff filed timely objections to the order and M&R. DE 39. Plaintiff takes issue with this court's previous denial of his motion for default judgment [DE 11], Judge Jones' denial of his plea and abatement and motion for relief from procedural violations, and Judge Jones' denial of his motion for sanctions. *See* DE 39. Construing Plaintiff's arguments liberally, the court finds that he seeks this court's review of Judge Jones' non-dispositive rulings. *See* 28 U.S.C. § 636(b)(1)(A). Additionally, Plaintiff objects to the M&R's recommendation that this court construe his purported counterclaim as a timely filed motion to amend his complaint and deny the motion because adding the additional claims and defendant would be futile. DE 39 at 7-8. Plaintiff does not object to the M&R's recommendation that this court deny Defendant's motion to strike and dismiss as moot.

## II. Legal Standards

"A district court may refer nondispositive, pretrial matters to a magistrate judge for decision." *Batiste v. Catoe*, 27 F. App'x 158, 159 (4th Cir. 2001) (citing 28 U.S.C. § 636(b)). "The district court may reconsider these matters after the magistrate judge's decision if a party shows that the magistrate judge's order is clearly erroneous." *Id.* (citing 28 U.S.C. § 636(b)(1)(A)). In addition, a district court may refer dispositive matters to a magistrate judge for a recommendation. *Id.* A magistrate judge's recommendation carries no presumptive weight. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Absent a specific and timely objection, the court reviews only for "clear error" and need not give any

3

Case 5:23-cv-00327-M-RJ   Document 61   Filed 07/15/25   Page 3 of 16

explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Under § 636(b)(1), the party's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "[G]eneral and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

## III. Discussion

### A. This court's previous denial of Plaintiff's motion for default judgment

Plaintiff makes several objections to the M&R which reference this court's previous denial of Plaintiff's motion for entry of default.[1] That denial was based on Fourth Circuit authority which favors disposing of claims and defenses on their merits, rather than through a default judgment. *See* DE 11 at 2 (citing *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010)). To the extent that Mack's objections may be construed as requests for reconsideration of the order, the court notes that Mack has already requested reconsideration, and the court denied his request. DE 22. Accordingly, the matter has been fully considered and is not appropriately raised here in response to the M&R.

### B. The denial of Plaintiff's nondispositive motions

Plaintiff objects to the Magistrate Judge's denial of his plea and abatement and motion for relief from procedural violations, as well as the denial of his motion for sanctions. DE 39 at 8-9. Although these denials are not reviewable as "proposed finding[s] or recommendation[s] to which

---

[1] Namely, objections I, II, III, IV, V, VI, IX, XIV, and XIX take issue with this court's prior denial of Plaintiff's motion for default judgment. *See* DE 39.

4

an objection is made," 28 U.S.C. § 636(b)(1), "[a] judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." § 636(b)(1)(A). Thus, as part of a document filed pro se, this court will liberally construe Plaintiff's objections to the M&R as requests for this court to review the Magistrate Judge's decision to deny those motions. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### i. Plaintiff's Plea in Abatement and Motion for Relief from Procedural Violations

In his plea in abatement and motion for relief from procedural violations [DE 33], Plaintiff contends that the court's "ongoing tolerance of [Defendant's] procedural violations" warrant "abate[ment] [of] all proceedings until procedural violations are addressed" and "ent[ry] of default judgment against [Defendant] under FRCP 55(a)." DE 33 at 5.

The procedural violations alleged by Plaintiff are primarily based on this court's decision to deny his motion for entry of default. *See* DE 33 at 4 ("[T]he clerk must enter default when a party fails to plead or defend within the time allowed"; "The Court improperly accepted [Defendant's] late answer[.]"). As previously stated, the court's order denying default has been fully considered and is not appropriately raised here as a reason to reconsider the Magistrate Judge's order as "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Furthermore, this court adopts the view of the Magistrate Judge that pleas in abatement no longer exist in federal court. "Rule 7 [of the Federal Rules of Civil Procedure] unceremoniously abolishes a great deal of ancient procedural dogma that has little place in a streamlined litigation system," such as pleas in abatement, which have been replaced by Rule 12(b)(1)-(6) and Rule 12(b)(7), the "modern counterparts to the common law pleas in abatement[.]" DE 38 at 12;

5

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 5 FEDERAL PRACTICE AND PROCEDURE: CIVIL 4d §§ 1181, 1349 (updated May 2025). *See also United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872 (4th Cir. 1947) (holding that the misnomer of a corporation was properly raised in a motion to dismiss in lieu of the old plea in abatement).

In his objections to the order and M&R, Plaintiff also urges the court to find that the Magistrate Judge "should have liberally construed [his] plea [in abatement] as a motion to stay and analyzed it under the proper legal standard." DE 39 at 9. Here, the Magistrate Judge did just that and found that no "clear case of hardship or inequity" exists in this case warranting an indefinite stay of proceedings. DE 38 at 13 (citing *Polidi v. Boente*, No. 5:22-CV-00519-M, 2024 WL 666330, at *1 (E.D.N.C. Feb. 15, 2024) (to justify stay, a plaintiff must demonstrate "a clear case of hardship or inequity" if he were "required to go forward") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936))).

For these reasons, the court finds that the Magistrate Judge's order denying Plaintiff's plea in abatement and motion for relief from procedural violations is not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### ii. Plaintiff's Motion for Sanctions

In his motion for sanctions [DE 34], Plaintiff argues that sanctions should be imposed against Defendant because "Defendant's conduct in filing a belated Answer [sic] and including defamatory, baseless defenses, such as the 'unclean hands' defense, constitutes egregious procedural conduct under Rule 11(b)(1) and (b)(2)[.]" *Id.* at 4. To the extent that this motion is founded on this court's decision to deny his motion for entry of default, the court's order has been fully considered and is not appropriately raised here as a reason to reconsider the Magistrate Judge's order as "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

To the extent that Plaintiff's motion is founded on the alleged use of "defamatory, baseless defenses, such as the 'unclean hands' defense," DE 34 at 4, the court is not persuaded. Rule 11 requires that attorneys certify to the best of their knowledge, information, and belief, formed after a reasonable inquiry, that every pleading is well grounded in both fact and law, and that no pleading is presented for an improper purpose or used to advance a frivolous legal argument. *See* Fed. R. Civ. P. 11(b). To determine whether a pleading is well grounded in fact, this court has used "[a]n objective test . . . to determine the reasonableness of a lawyer's prefiling investigation." *Oudeh v. Goshen Med. Ctr., Inc.*, 745 F. Supp. 3d 265, 270 (E.D.N.C. 2024) (internal quotation marks omitted) (quoting *In re Kunstler*, 914 F.2d 505, 514 (4th Cir. 1990)). "An attorney fails to satisfy Rule 11(b)(3) when the attorney has not obtained any supporting information concerning the factual allegation before filing a complaint." *Id.* (citing *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006)). "A legal argument violates Rule 11(b)(2) when it has 'absolutely no chance of success under the existing precedent.'" *Id.* at 271 (quoting *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002)); *see also Morris*, 448 F.3d at 277. Attorneys are, however, permitted to seek good faith expansions and changes of the law without being subject to sanctions. Fed. R. Civ. P. 11(b)(2). Thus, sanctions are only warranted when "a reasonable attorney in like circumstances could not have believed his actions to be legally justified." *Oudeh*, 745 F. Supp. 3d at 271 (internal quotation marks omitted) (quoting *Hunter*, 281 F.3d at 153).

The Magistrate Judge denied Plaintiff's motion for sanctions because "there is no objective evidence that [Defendant] has acted with the purpose of delaying this litigation or harassing [Plaintiff]." DE 38 at 15. Indeed, Plaintiff's disagreement with Defendant's "use of legally significant terminology" in Defendant's briefs (such as the word "frivolous") "does not justify a sanctions award where there is simply no basis for one." *Id.* After a thorough review of the

pleadings submitted by Defendant, which reveal no assertions that are not "well grounded in both fact and law" and show no dilatory behavior on the part of Defendant, the court finds that there is no clear error in the Magistrate Judge's denial of sanctions. *See* Fed. R. Civ. P. 11(b); 28 U.S.C. § 636(b)(1)(A).

## C. The M&R's recommendation that Plaintiff's purported counterclaim be construed as a motion to amend his complaint

The M&R recommends that the court construe Plaintiff's purported counterclaim [DE 27] as a motion to amend his complaint and join a new defendant. DE 38 at 4. Plaintiff objects to this recommendation as "improper and prejudicial" and says that the order and M&R has "deprived Plaintiff of his right to pursue valid causes of action." DE 39 at 7.

Rule 15(a)(1) of the Federal Rules of Civil Procedure states that a party may amend its pleading once as a matter of course no later than 21 days after serving it or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave, which should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Again, documents filed pro se are to be liberally construed and must be held to less stringent standards than those filed by lawyers. *Erickson*, 551 U.S. at 94.

Plaintiff sought to use the purported counterclaim to bring new claims of IIED and defamation against Defendant and to join Defendant's counsel as a new defendant. DE 27. Despite Plaintiff's protestations, construing Plaintiff's purported counterclaim as a timely filed motion to amend his complaint is neither improper nor prejudicial, nor does it deprive Plaintiff of any right to pursue a cause of action. *See* DE 39 at 7. Instead, doing so affords Plaintiff the most liberal construction possible, because such construction effectively transforms the improperly filed

8

counterclaim, a pleading typically filed by a defendant, into a timely filed motion to amend the complaint. *See Erickson*, 551 U.S. at 94. This is the proper way by which this Plaintiff must bring new claims against Defendant because, here, Plaintiff has already filed a complaint, and Defendant has already filed an answer. *See* Rule 15(a)(1). Notably, the Magistrate Judge's proposed construction is especially lenient considering that Plaintiff's 21-day window for amending his complaint as a matter of course had expired at the time he filed his purported counterclaim. *See id.*; *see* also DE 1 (filed June 16, 2023); DE 27 (filed Aug. 30, 2024). Due to the particularly charitable treatment that this construction affords Plaintiff, the court adopts the recommendation and construes the purported counterclaim as a timely filed motion to amend the complaint and add a new defendant.

### D. The M&R's recommendation that Plaintiff's motion to amend his complaint be denied

The M&R recommends that this court deny Plaintiff's motion to amend because it would be futile to amend the complaint to add Plaintiff's new claims and defendant. DE 38 at 11. Plaintiff objects to this recommendation as a "mischaracterization of [his] IIED and defamation claims" and argues that "the [M&R] applied an improperly stringent pleading standard in analyzing Plaintiff's claims[.]" DE 39 at 8.

In determining whether to grant a motion to amend to join additional parties, the court "must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)." *Sharma v. Clark*, No. 5:21-CT-3311-M, 2023 WL 6368972, at *1 (E.D.N.C. Sept. 28, 2023) (quoting *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001)). There are three justifications for denying a Rule 15 leave to amend: "prejudice to the opposing party, bad faith, or where the amendment would be futile." *United*

9

*States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022) (citing *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006)). Leave to amend may be denied on the ground of futility "when the proposed amendment is clearly insufficient or frivolous on its face." *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 200 (4th Cir. 2014) (internal quotation marks omitted) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)). "A proposed amendment is also futile if it would not survive a motion to dismiss." *Save Our Sound OBX v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019). Rule 20 provides that:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay." *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007). "Rule 20 permits joinder of all reasonably related claims for relief by or against different parties." *Courthouse News Service v. Schaefer*, 2 F.4th 318, 325 (4th Cir. 2021) (internal quotation marks omitted) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). Absolute identity of all events is unnecessary for purposes of joinder. *Id.*

The events alleged in Plaintiff's purported counterclaim, construed as a motion to amend the complaint, do not constitute "reasonably related claims for relief . . . against different parties," because they arise out of an entirely different transaction or occurrence: the Defendant's answer to Plaintiff's complaint. Fed. R. Civ. P. 20(a)(2); *Schaefer*, 2 F.4th at 325; DE 27 at 2 ("Defendants, through counsel . . . made statements in court filings[.]"; "These statements were made publicly in legal documents[.]"). Although absolute identity of all events is unnecessary,

10

Plaintiff does not—and cannot—argue that any of the statements at issue occurred around the same time or place as the events constituting the § 1981 or § 1983 claims in his complaint. *Schaefer*, 2 F.4th at 325; *see* DE 27.

Nor would the claims Plaintiff seeks to add to his complaint survive a motion to dismiss. *See Save Our Sound OBX*, 914 F.3d at 228. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In evaluating a complaint's sufficiency, we construe the allegations and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Just Puppies, Inc. v. Brown*, 123 F.4th 652, 660 (4th Cir. 2024). The court, however, "need not accept [a complaint's] legal conclusions drawn from the facts, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Conclusory allegations are not entitled to be assumed true. *See Iqbal*, 556 U.S. at 681. Instead, a Plaintiff's allegations must nudge the claims "across the line from conceivable to plausible." *See Iqbal*, 556 U.S. at 680.

When deciding a motion to dismiss, the court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Straw v. North Carolina*, No. 7:18-cv-00074-M, 2020 WL 1042141, at *2 (E.D.N.C. Mar. 3, 2020) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). The court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court: (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court

11

is supplied with the necessary information." Fed. R. Evid. 201(c). "The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Given these standards, the court appropriately includes its previous orders and Defendant's answer in its consideration of whether Plaintiff's additional claims would survive a motion to dismiss. *Coil*, 887 F.2d at 1239.

Plaintiff's purported counterclaim alleges that Defendants have engaged in defamation and IIED. DE 27 at 2-3. His claim for IIED alleges that "Defendants' actions were intentional and reckless, and were intended to cause, or were substantially certain to cause, severe emotional distress to [Plaintiff]." *Id.* at 3. He adds that "Defendants' conduct was extreme and outrageous, and has caused [Plaintiff] severe emotional distress." *Id.* To state a claim for IIED in North Carolina, a Plaintiff must show that there is extreme and outrageous conduct by defendants which is intended to and does in fact cause severe emotional distress. *Russ v. Causey*, 732 F. Supp. 2d 589, 607 (E.D.N.C. 2010) (citing *Holloway v. Wachovia Bank & Trust Co.*, 339 N.C. 338, 351, 452 S.E.2d 233, 240 (1994)). "Liability [for IIED] has only been found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 493, 340 S.E.2d 116, 123 (1986) (quoting Restatement (Second) of Torts § 46 cmt. d (Am. Law. Inst. 1965)).

Construed in the light most favorable to Plaintiff, the allegations of IIED made in the purported counterclaim do not nudge his claims across the line from conceivable to plausible. *See Iqbal*, 556 U.S. at 680. He alleges that despite a "procedural directive" from the court telling Plaintiff to proceed in seeking entry of default, Defendant filed an answer which "include[ed] a baseless 'unclean hands' doctrine," part of a "pattern of dilatory tactics designed to obstruct the

12

Plaintiff's rightful pursuit of justice and to defame his character by falsely asserting that his claims were frivolous and unethical." DE 27 at 2. He also alleges that "Defendants [sic], through counsel . . . made statements in court filings falsely accusing [Plaintiff] of unethical behavior and frivolous litigation[.]"

Construing these allegations liberally, they do not come close to plausibly alleging that Defendant has engaged in "extreme and outrageous conduct," which is "utterly intolerable in civilized community" as required to state a claim for IIED. *See Russ*, 732 F. Supp. 2d at 607; *Hogan*, 79 N.C. App. at 493, 340 S.E.2d at 123. The "dilatory tactics" that Plaintiff accuses Defendant of engaging in, even if true, are insufficient. Defendant was late by one week in filing an Answer to the Complaint; however, the record indicates—and the Plaintiff articulates—no actual harm or prejudice resulting from the brief delay. Such delay itself does not rise to the level of improper dilatory conduct, much less the kind of conduct that would be extreme and outrageous enough to state a claim for IIED. *See Russ*, 732 F. Supp. 2d at 607.

Plaintiff also alleges that Defendant engaged in extreme and outrageous conduct by having and failing to produce "internal surveillance footage that could conclusively address the claims." DE 27 at 2. According to the record, Judge Jones has denied Plaintiff's request for sanctions based on this spoliation argument, finding that Plaintiff failed to demonstrate that Defendant destroyed or failed to preserve such evidence. DE 24 at 4-6; DE 21 at 2. Following this ruling, Plaintiff filed the present pleading, construed as a motion, alleging that "[d]espite having internal surveillance footage that could conclusively address the claims, Food Lion did not present this evidence, instead relying on unfounded legal defenses and dilatory motions to prevent a fair and timely resolution of the case." DE 27 at 2. Particularly given that the case was not at a stage during which evidence was or needed to be "presented," the court finds the allegation speculative and conclusory. Also

13

conclusory is the Plaintiff's allegation that Defendant's conduct "caused Marlon Mack severe emotional distress." *Id.* at 3. Even if true, however, Plaintiff has not sufficiently alleged that Defendant's purported failure to produce video footage of the incident at Food Lion was extreme and outrageous in such a way as to plausibly state an IIED claim. *See Hogan*, 79 N.C. App. at 493, 340 S.E.2d at 123.

Plaintiff similarly fails to plausibly allege defamation under the applicable North Carolina law. *See Iqbal*, 556 U.S. at 678. "[T]o make out a *prima facie* case for defamation [in North Carolina], plaintiff must allege and prove that the defendant made false, defamatory statements of or concerning the plaintiff, which were published to a third person, causing injury to the plaintiff's reputation." *Griffin v. Holden*, 180 N.C. App. 129, 133, 636 S.E.2d 298, 302 (2006) (internal quotation marks omitted) (quoting *Smith-Price v. Charter Behavioral Health Sys.*, 164 N.C. App. 349, 356, 595 S.E.2d 778, 783 (2004)). "When examining an allegedly defamatory statement, the court must view the words within their full context and interpret them as ordinary people would understand them." *Boyce & Isley v. Cooper*, 153 N.C. App. 25, 31, 568 S.E.2d 893, 899 (2002) (internal quotation marks omitted) (quoting *Renwick v. News & Observer Publ'g Co. & Renwick v. Greensboro News*, 310 N.C. 312, 319, 312 S.E.2d 405, 409 (1984) *cert. denied*, 469 U.S. 858 (1984)). "[A] statement must state or imply a defamatory fact to be actionable." *Daniels v. Metro Magazine Holding Co.*, 179 N.C. App. 533, 539, 634 S.E.2d 586, 590 (2006). A complaint may not couch its allegations of falsity in vague, conclusory terms. *See Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993).

The statements made by Defendant in its answer—primarily denials of Plaintiff's factual allegations—"viewed within their full context and interpret[ed] as ordinary people would understand them," are not "false, defamatory statements, of or concerning the plaintiff, which were

14

published to a third person, causing injury to the plaintiff's reputation." *See Boyce & Isley*, 153 N.C. App. at 31, 568 S.E.2d at 899; *Griffin*, 180 N.C. App. at 133, 636 S.E.2d at 302. Aside from denying Plaintiff's factual allegations, Defendant does not present its own version of the facts that could be construed as defamatory. *See* DE 8. Defendant's use of the "unclean hands" affirmative defense does not appear anywhere in its answer, and even if it did, statements made in support of such a defense are not statements made in an attempt "to blacken . . . the reputation of one who is alive and expose him to public hatred, contempt or ridicule." *Flake v. Greensboro News Co.*, 212 N.C. 780, 785-86, 195 S.E. 55, 60 (1938). Plaintiff's claims that Defendant "made statements in court filings falsely accusing [Plaintiff] of unethical behavior and frivolous litigation" and "defame[d] his character by falsely asserting that his claims were frivolous and unethical" are not entitled to be assumed true because they "couch their allegations of falsity in vague, conclusory terms" and would therefore not survive a motion to dismiss. *See Iqbal*, 556 U.S. at 681; *Chapin*, 993 F.2d at 1092.

The events alleged in Plaintiff's purported counterclaim are not "reasonably related claims for relief . . . against different parties" because they do not arise out of the same transaction or occurrence as Plaintiff's complaint. Further, the additional claims Plaintiff desires to bring would not survive a motion to dismiss. For those reasons, Plaintiff's motion for leave to amend is denied because the amendment would be futile. *See United States ex rel. Nicholson*, 42 F.4th at 197; *see also Save Our Sound OBX*, 914 F.3d at 228.

## IV. Conclusion

For the foregoing reasons, the Magistrate Judge's denial of both Plaintiff's "plea in abatement and motion for relief from procedural violations" [DE 33] and Plaintiff's motion for sanctions [DE 34] are AFFIRMED. Additionally, court adopts the M&R as its own, construing

15

Plaintiff's purported counterclaim [DE 27] as a motion to amend his complaint and such a motion is DENIED as futile. Lastly, the court finds no clear error in the M&R's recommendation to deny Defendant's motion to strike and dismiss [DE 29] as moot and the motion is DENIED as such.

SO ORDERED this 14th day of July, 2025.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

16

Case 5:23-cv-00327-M-RJ    Document 61    Filed 07/15/25    Page 16 of 16