IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-327-BO-RJ

| | | |
|---|---|---|
| MARLON MACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FOOD LION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on the memorandum and recommendations of United States Magistrate Judge Robert B. Jones. [DE 52]; [DE 56]. Plaintiff has filed objections to the memorandum and recommendations (M&R), defendant has not responded to plaintiff's objections, and the time for doing so has passed. In this posture, the M&Rs are ripe for disposition. Also pending and ripe for disposition are plaintiff's motion for judicial notice and request for reassignment [DE 49]; plaintiff's motion to declare void judgment [DE 50]; and plaintiff's motion to strike answer [DE 59].

For the reasons that follow, the Court adopts the M&Rs, grants defendant's motion for judgment on the pleadings, and denies all remaining motions.

BACKGROUND

Plaintiff, proceeding *pro se*, instituted this action by filing a complaint on June 16, 2023. [DE 1]. In his complaint, plaintiff alleges that on May 6, 2023, he visited a Food Lion grocery store intending to make purchases for his family using an Electronic Benefits Transfer (EBT) card. [DE 1] ¶¶ 4. While attempting his purchase, plaintiff was asked by a Food Lion employee for his

identification. *Id.* ¶ 5. The store manager also questioned plaintiff's ownership of the EBT card, despite plaintiff having provided the correct PIN number. *Id.* ¶ 6. Plaintiff alleges that questions regarding his identity and ownership of the EBT card occurred in spite of state and federal guidelines regarding the usage of EBT cards and as a result of racial profiling. *Id.* ¶¶ 5-6. Plaintiff was denied a request for an incident report and told to "take his stuff and get out." *Id.* ¶ 7. Plaintiff alleges that he was unjustly instructed not to return with someone else's EBT card. *Id.*

Plaintiff alleges that defendant's unfounded accusations, racial profiling, and mistreatment triggered an anxiety and asthma attack. *Id.* ¶ 8. As a result of this incident, plaintiff has been anxious, has grappled with feelings of injustice, and has felt a loss of dignity. *Id.* ¶¶ 10, 12. Plaintiff is fearful of similar treatment at other stores, which has impacted his ability to care for his family. *Id.* ¶ 13. Through this case, plaintiff seeks redress for the harm he has suffered and further to shed light on systemic racial discrimination and the unfair treatment of SNAP (Supplemental Nutrition Assistance Program) recipients. *Id.* ¶ 16. Plaintiff alleges two claims for relief: violation of plaintiff's rights under 42 U.S.C. § 1981 and violation of plaintiff's rights under 42 U.S.C. § 1983. *Id.* ¶¶ 24-27. Plaintiff alleges that his Fourteenth Amendment due process rights were violated when Food Lion, acting as an agent for the government, accused plaintiff of misusing someone else's EBT card. *Id.* ¶ 18.

The following is a brief description of the procedural background of this case. On August 28, 2023, the summons for defendant was returned as executed and on September 13, 2023, the Clerk's Office provided notice to plaintiff to proceed under Fed. R. Civ. P. 55. On September 15, 2023, defendant answered the complaint. Thereafter, plaintiff moved for entry of default judgment. The Court denied plaintiff's motion for entry of default judgment, accepted defendant's untimely answer, and referred the case for scheduling. [DE 11]. Plaintiff has since filed multiple motions

2

seeking to strike defendant's answer and entry of default judgment. *See, e.g.,* [DE 15]; [DE 20]; [DE 40]; [DE 44]; [DE 59].

Defendant has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). [DE 42]. Plaintiff was notified of his right to respond [DE 51] and has responded to the motion. [DE 54]. Plaintiff has filed a motion requesting reassignment of the district judge [DE 49] and a motion under Fed. R. Civ. P. 60(b)(6) to declare void all docket entries after [DE 6]. [DE 50]. Plaintiff has also moved to vacate as void the M&R at [DE 52], [DE 53], which the Court also construes as plaintiff's objection to the M&R at [DE 52].

## DISCUSSION

The Court considers first the M&Rs entered by Magistrate Judge Jones. "The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

3

The Court considers first the M&R at [DE 52]. Here, Magistrate Judge Jones recommends that the Court deny plaintiff's motion to strike defendant's answer and motion for judgment on the pleadings, deny plaintiff's motion for entry of default and default judgment, and deny plaintiff's motion for sanctions. [DE 44]. In opposition to the M&R, plaintiff has filed a motion to vacate as void the magistrate recommendation, which, as noted above, the Court construes as plaintiff's objections to the M&R. [DE 53]. Plaintiff lodges his objections to much of the procedural history of this case and several prior orders, but he specifically objects to the M&R on the following grounds: plaintiff never consented to magistrate adjudication under 28 U.S.C. § 636(c), the M&R is void because it denies default-based relief in the absence of a motion to set aside default, and the M&R downplays plaintiff's prejudice.

As to plaintiff's first objection, Magistrate Judge Jones's M&R was not entered under the authority of 28 U.S.C. § 636(c), as plaintiff and defendant have not consented to magistrate jurisdiction. Rather, the M&R has been entered pursuant to 28 U.S.C. § 636(b)(1)(B), which provides that a district judge may refer matters to a magistrate judge for proposed findings and recommendations. Plaintiff's objection on this ground is without merit and is overruled.

As to plaintiff's second objection, default under Fed. R. Civ. P. 55(a) has not been entered in this case. To the contrary, plaintiff's motions for entry of default and default judgment have been denied. *See* [DE 11]; [DE 22]; [DE 45]. Accordingly, the recommendation to deny plaintiff's motion for entry of default is not void because no motion to set aside default has been filed, as default has not been entered in this case. Plaintiff's objection on this ground is without merit and is overruled.

Finally, plaintiff contends that the M&R downplays the prejudice he has faced. In determining whether to enter default after defendant's untimely answer, the Court considered the

4

following factors: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006); *see also Mystic Retreat Med Spa & Weight Loss Ctr. v. Ascentium Cap. LLC*, No. 1:21-CV-00515, 2021 WL 4993088, at *3 (M.D.N.C. Oct. 27, 2021) (applying *Payne* factors when deciding whether to enter default rather than deciding a motion to set aside default).

The Court concluded that defendant's seven-day delay in filing its answer was not unreasonable and resulted in no demonstrated prejudice to plaintiff. [DE 45] at 3. Plaintiff's bald statement that the Court has downplayed the prejudice he has faced is unavailing as plaintiff has not explained, specifically, why such delay caused him any prejudice. Even considering the issue of whether entry of default is appropriate de novo, the Court concludes that it is not. As the Court has previously held, this circuit strongly favors resolution of cases on the merits. *Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). The seven-day delay in filing an answer was not unreasonable and, although defendant filed its answer after the deadline, it has appeared in this action, answered the complaint, participated in a period of discovery, and filed a dispositive motion. And "it bears mention that no cognizable prejudice inheres in requiring a plaintiff *to prove* a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." *Id.* at 419. In sum, when weighing the factors anew, the Court again determines that the relevant factors weigh against entry of default against defendant. Plaintiff's objection is overruled.

Having considered plaintiff's specific objections, the Court adopts the M&R. To the extent that plaintiff's objections apply to the portion of [DE 52] which denies plaintiff's spoliation motion

and motion to enforce, the Court reviews those pursuant to Fed. R. Civ. P. 72(a). Federal Rule of Civil Procedure 72(a) provides that, where a non-dispositive pretrial matter is referred to a magistrate judge, a party may file objections to the magistrate judge's order within fourteen days after being served with a copy of the order. Fed. R. Civ. P. 72(a); *see also* Local Civil Rule 72.4(a). The district judge to whom the case is assigned shall "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the magistrate judge's decision must be affirmed unless the district court's review results in the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Additionally, "[i]n light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Patrick v. PHH Mortg. Corp.*, 298 F.R.D. 333, 336 (N.D.W.Va. 2014) (quotation and citation omitted).

Plaintiff has identified no clearly erroneous holding in Magistrate Judge Jones' decision to deny the spoliation motion and motion to enforce CM/ECF policies. As to the motion to enforce, plaintiff contends that the Clerk's Office and the Court have improperly accepted defendant's answer and scheduled a hearing on a Saturday. Plaintiff further seeks to strike defendant's allegedly untimely filings. Plaintiff's motion is without merit and appropriately denied. Plaintiff's spoliation motion is without support and appropriately denied. At bottom, plaintiff has identified no clear error in Magistrate Judge Jones' decisions. Any objections thereto are overruled.

The Court next considers the M&R at [DE 56]. Here, Magistrate Judge Jones has recommended that defendant's motion pursuant to Fed. R. Civ. P. 12(c) be allowed and that plaintiff's complaint be dismissed. Plaintiff objects to the M&R as follows: that the magistrate

6

judge has issued recommendations without plaintiff's consent, that the Clerk's Office has manipulated procedural entries to suppress mandatory default amounting to fraud on the court, that the M&R employs fabricated pleadings standards and heightened evidentiary burdens inconsistent with Fed. R. Civ. P. 8, and that plaintiff's response to the motion for judgment on the pleadings was ignored and this amounts to a due process violation. [DE 57].

The Court disposes with plaintiff's first objection for the same reasons discussed above. Plaintiff's second objection alleging that the Clerk's Office has committed fraud on the Court is baseless and overruled. Plaintiff's fourth objection is also without merit, as the M&R recites that plaintiff's memorandum in opposition to the motion to dismiss has been considered. [DE 56] at 5.

Plaintiff's third objection concerns whether the magistrate judge has applied the correct legal standards.

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) allows for a party to move for entry of judgment after the close of the pleadings stage, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Courts apply the Rule 12(b)(6) standard when reviewing a motion under Rule 12(c). *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 375 (4th Cir. 2012). A complaint is appropriately dismissed under Rule 12(b)(6) if it fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

7

"A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citation omitted).

A plaintiff alleging discrimination claims does not have to specifically plead every element of a prima facie case in his complaint, *Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017), but those elements, however, provide a useful measuring tool for his allegations. *See Gaines v. Balt. Police Dep't*, 657 F.Supp.3d 708, 734 (D. Md. 2023). First, the Court finds that the M&R applied the correct legal standard. But, considering the issue de novo, the Court determines that plaintiff has failed to plausibly allege a § 1981 or a § 1983 claim.

> To succeed on a § 1981 claim, a plaintiff must ultimately establish both that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual interest. A plaintiff must also show that the interference with a contractual interest would not have happened but for the plaintiff's race. Thus, to survive a motion to dismiss, a plaintiff must allege facts that, if accepted as true, allow the court to draw a reasonable inference as to those legal requirements.

*Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (internal quotations and citations omitted). Plaintiff alleges that he was racially profiled, but offers no additional factual support for this assertion. A plaintiff cannot proceed on vague and conclusory allegations that he was treated differently, or where his allegations fail to support an inference that he was treated differently because of his race. *See id.* at 306; *Witherspoon v. State Employees' Credit Union*, No. 5:21-CV-360-FL, 2022 WL 3718488, at *3 (E.D.N.C. Aug. 29, 2022). Plaintiff's reference to being racially profiled, in the absence of any factual enhancement, is insufficient to nudge his claim "across the

line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The same is true for plaintiff's allegation that defendant would not provide him with an incident report, because plaintiff has failed to plausibly allege that such "conduct . . . divest[ed] Plaintiff of the contracted-for merchandise, prevent[ed] him from enforcing or modifying his contract to purchase the merchandise, or prevent[ed] him from entering into a new contract." *Clark v. Safeway, Inc.*, 478 F. Supp. 3d 1080, 1092 (D. Or. 2020).

Plaintiff further objects to the dismissal of his § 1983 claim, arguing that the M&R fails to address the Supreme Court's binding entwinement doctrine under *Brentwood Academy v. Tennessee Secondary School Athletic Association*, 531 U.S. 288 (2001), and otherwise fails to properly assess whether defendant can be liable as a state actor.

"The essential elements of any [§] 1983 action are proof of conduct 'committed by a person acting under color of state law' that 'deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Avery v. Burke Cnty.*, 660 F.2d 111, 115 (4th Cir. 1981) (citation omitted). "The state action requirement of Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Peltier v. Charter Day Sch., Inc.*, 37 F.4th 104, 115 (4th Cir. 2022) (en banc) (internal quotation and citation omitted). State action may be found where, for example, a private entity "has been delegated a public function by the State" and where "it is entwined with governmental policies or when government is entwined in its management or control." *Brentwood Acad.*, 531 U.S. at 296.

Plaintiff's complaint lacks any plausible allegation that defendant should be treated as a state actor. Plaintiff alleges that "Food Lion acted as agents of the government." Compl ¶ 18. This conclusory allegation is insufficient. Moreover, none of the remaining facts alleged by plaintiff support an inference that the state has delegated a public function to defendant or that defendant is

entwined in some way with the state. None of plaintiff's arguments support an inference that defendant could be deemed a state actor in this context, and plaintiff cites no case law which would support such a holding. Moreover, "a private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Plaintiff has failed to plausibly allege that any alleged deprivation of his federal rights was pursuant to any policy or custom of defendant. While plaintiff alleges that he has experienced "repeated episodes of discriminatory behavior . . . at various Food Lion locations[,]" Compl. ¶ 19, plaintiff provides no factual support for this claim. This objection is overruled and plaintiff's § 1983 claim is dismissed.

In sum, plaintiff has failed to state plausible claims for relief and defendant's Rule 12(c) motion is appropriately granted. The Court has repeatedly denied plaintiff's motions seeking entry of default and default judgment, and it finds again that entry of default is not warranted. Finally, plaintiff's claims of collusion and fraud by the Clerk's Office are plainly without merit. Plaintiff's objections to the M&Rs are overruled, the M&Rs are hereby adopted, and the remaining decisions of the magistrate judge are affirmed.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's objections to the M&Rs are OVERRULED. The M&Rs at [DE 52] and [DE 56] are ADOPTED in full. Plaintiff's motion to strike and enter default judgment [DE 44] is DENIED. Magistrate Judge Jones' order [DE 52] denying plaintiff's motion to enforce and his spoliation motion is AFFIRMED. Defendant's motion for judgment on the pleadings [DE 42] is GRANTED. Plaintiff's complaint is hereby DISMISSED. Plaintiff's motion to vacate as void the magistrate recommendation [DE 53] is

DENIED. Plaintiff's remaining motions [DE 49];[1] [DE 50]; [DE 59] are DENIED AS MOOT. The Clerk is DIRECTED to close the case.

SO ORDERED, this 30 day of September 2025.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] In this motion, plaintiff seeks reassignment from Chief Judge Myers to another United States District Judge. This matter was reassigned to the undersigned on August 26, 2025. The motion is therefore moot.

11